**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| James Savina,            )<br>          Plaintiff,      )<br>                          )<br>vs.                       )<br>                          )<br>Robert Reiser & Co., Inc.,)<br>          Defendant.     )<br>_____) | No. CV 07-749-PHX-FJM<br><br>**ORDER** |

The court has before it "Defendant's Rule 72(a) Objection to Magistrate Judge's September 16 Order" (doc. 58), Plaintiff's Response, and Defendant's Reply.

The Magistrate Judge rejected Defendant's motion to excuse the personal appearance of Roger Reiser at a settlement conference. Order of Sept. 16, 2010 (doc. 57). Defendant now argues that George Reiser has full settlement authority within the meaning of the Magistrate Judge's order and thus there is no need to require Roger Reiser's personal appearance where, as here, he has an important trip to Germany planned. Plaintiff contends that in light of the checkered history of the settlement process in the case, Roger Reiser's personal presence is critical because he controls the company and is the dominant officer. Defendant's Reply indicates that Roger went ahead and traveled to Germany, but would come back if he had to.

When it comes to district judge review of a magistrate judge's order in a nondispositive matter, Rule 72(a), Fed. R. Civ. P. provides the standard. The district judge

1 must consider objections and modify or set aside any part of the order "that is clearly
2 erroneous or contrary to law. " In contrast to our review of a magistrate judge's order in a
3 dispositive matter, our review in nondispositive matters is not *de novo.* Compare Rule
4 72(b)(3), Fed. R. Civ. P. to Rule 72(a), Fed. R. Civ. P.

5 Rule 16(c)(1), Fed. R. Civ. P., allows the court to require that a party or its
6 representative be present to consider settlement. Under LRCiv 83.10, this District delegates
7 settlement conferences to its magistrate judges. And while no party is required to settle a
8 case, a party may be required to at least participate in good faith in a settlement conference.
9 28 U.S.C. §652(a).

10 We cannot say that the Magistrate Judge's order here is clearly erroneous or contrary
11 to law. And because review is not *de novo*, we cannot substitute our judgment for his. After
12 all, he has worked with the parties over the settlement process and we have not.

13 Accordingly, it is ORDERED OVERRULING Defendant's Objection. (Doc. 58).

14 DATED this 21st day of September, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge